■ In the Matter of RAYMOND COLE, Appellant, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, Respondent. — Judgment, Supreme Court, New York County (Okin, J.), entered December 4, 1981, denying petitioner's application to vacate a determination of the police commissioner, and dismissing the petition, unanimously modified, on the law, without costs or disbursements, to the extent of annulling the finding of guilt

on the first specification, dismissing that specification, and remanding the matter to respondent for reassessment of the penalty, and, except as thus modified, affirmed. Petitioner, a police officer, incurred an injury during his regular tour of duty. The treating physician at Lenox Hill Hospital prescribed bed rest for two weeks, and petitioner went on sick leave. A fellow officer furnished the sick desk officer at petitioner's precinct with the required information. The sick desk officer, however, did not give the officer the name of the surgeon that the petitioner was to call pursuant to departmental procedures. Nor did he inform the officer that the regular surgeon, Dr. Grossman, was on vacation, or give him the name of the alternate who was covering while Dr. Grossman was away. Petitioner remained confined to bed for two weeks, and in the first five days of his confinement he called Dr. Grossman's office several times, but received no answer. He admitted that he had not made any further calls after the first five days. Dr. Grossman returned from vacation during the second week of petitioner's confinement. Petitioner was found guilty of two specifications. The first was failure to call or visit Dr. Weisman, or both, the substitute surgeon, from December 26 — January 2, the first eight days of his confinement. He was also charged with failing to call or visit Dr. Grossman, or both, from January 2, to January 10. Petitioner did attempt, in the first five days of his confinement, to contact Dr. Grossman, who did not have an answering service. Although petitioner could perhaps have discovered that Dr. Grossman was on vacation, he had complied with departmental procedures. Since the police department failed to follow its own regulations by neither notifying petitioner of the substitution of Dr. Weisman, nor notifying Dr. Weisman of petitioner's injury, petitioner's failure to contact a surgeon from December 26 to January 2, was due to factors beyond his control. Thus, we cannot agree that the finding of guilt on the first specification had a rational basis. (See *Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231.) At the same time the finding of guilt with respect to the second specification should be sustained, since Dr. Grossman's absence in the first week did not excuse petitioner from attempting to contact him in the second week. Petitioner was directed to contact Dr. Grossman, but he admitted that he only tried during the first five days of his confinement. Petitioner had a responsibility to continue to call during the second week of his convalescence. Concur — Sandler, J. P., Sullivan, Markewich and Milonas, JJ.